## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION


SHERYL D. MOORE                                           PLAINTIFF


v.                         No. 4:23-cv-1221-DPM


UNITED STATES POSTAL SERVICE and
DAVID P. STEINER, in his official
capacity as Postmaster General*              DEFENDANTS


## ORDER

After a federal employee has exhausted her administrative remedies about alleged discrimination on the job, she has ninety days to file a federal lawsuit about her situation. The statute's words are "Within 90 days of receipt of notice of final action . . ." by the agency. 42 U.S.C. § 2000e-16(c). That's the rule of law under Title VII and the Rehabilitation Act, 29 U.S.C. § 794a(a)(1). "The clock starts ticking on the day the right to sue letter *is received*." *McDonald v. St. Louis University*, 109 F.4th 1068, 1070 (8th Cir. 2024) (quotations omitted and emphasis original). Sheryl Moore worked for the United States Postal

———————————————

* By operation of law, David P. Steiner is substituted as the defendant. Fed. R. Civ. P. 25(d).

Service sorting mail. She tripped over some metal sticking out of the concrete floor at a post office, fell, and injured her knee. She returned to work with limited duties. But eventually she had to have knee surgery. Thereafter, she sought a permanent position that allowed her to work while seated. None materialized. It's agreed she could not do her former job as a mail processing clerk, which involves lots of moving around, heavy lifting, and standing. She never returned to work after her surgery. She exhausted her administrative remedies but got no relief. Now Moore sues under the Rehabilitation Act, claiming the Postal Service didn't accommodate her disability or try hard enough to do so. The Postal Service responds that it tried and did the best it could based on available positions. At the threshold, the Postal Service also contends Moore missed the ninety-day deadline for filing suit by a day or two. Moore says there are genuine issues of material fact, which must be resolved at trial, about limitations and the merits.

*

Here are the key dates.

- 26 September 2023 . . . . . Postal Service issued Moore's Notice of Final Action. *Doc. 27-1 at 33–34.*

- 29 September 2023 . . . . . Notice of Final Action delivered to Moore's lawyer by U.S. mail at her office address of record according to postal records. *Doc. 27-1 at 31 & 34.*

- 30 September 2023 . . . . . Notice delivered by U.S. mail to Moore at her home address according to postal records. *Doc. 27-1 at 32.*

- 12 October 2023 . . . . . . . Date that Moore testified on deposition that she actually received the Notice. *Doc. 29 at 133–35.*

- 28 December 2023. . . . . . Ninetieth day after Moore's lawyer received the Notice according to postal records.

- 29 December 2023. . . . . . Moore filed her lawsuit.

- 10 January 2024. . . . . . . Ninetieth day after Moore says she received the Notice.

The Notice informed Moore (and her lawyer) of Moore's right to sue and her ninety days in which to do so. *Doc. 27-1 at 33–34.* Informing Moore's lawyer is the same, in the law's eyes, as informing Moore. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 92–93 (1990).

This settled law is agreed. And there's no dispute about the Notice's adequacy. Recall that delivery of the Notice starts the clock. The date the employee, or her lawyer, received the Notice controls the received issue, not the date when the Notice was opened or read. *McDonald*, 109 F.4th at 1071; *Williams v. Thomson Corp.*, 383 F.3d 789, 790–91 (8th Cir. 2004) (*per curiam*).

When Moore got her copy of the Notice is genuinely disputed. The postal record indicates she received it on September 30th. She testified, though, that she didn't get it until October 12th. She checks her mailbox every day. And she was home during the end of September and early October 2023. *Doc. 29 at 133–35*. The Postal Service's limitations argument for summary judgment based on Moore's receipt date fails. A jury would have to resolve that disputed material fact.

When Moore's lawyer got the Notice is not genuinely disputed. She received it at her address of EEOC record, on Taylor Street in Little Rock, on September 29th. *Doc. 27-1 at 29, 31 & 34*. In the briefs, Moore argues that her lawyer changed her address with the EEOC some time before it sent the Notice. *Doc. 30 at 4*. Moore also presses that the postal record reflects that the Notice was delivered to "an individual" at the Taylor Street address. These facts, she continues, create doubt about actual delivery. The Court disagrees. To create a jury question on limitations, Moore must meet proof with proof. *Bolderson v. City of*

*Wentzville*, 840 F.3d 982, 986–87 (8th Cir. 2016). She has not done so. The record contains no affidavit from someone working at her lawyer's office that the letter wasn't received. The only evidence Moore provides is a January 2022 email to a Postal Service attorney with a signature block listing a new address for Moore's lawyer on McKinley Street. *Doc. 30-3 at 1.* Moore provides no evidence that her lawyer actually updated her address with the EEOC. Given the lack of proof, there's no genuine dispute of material fact that there was delivery to Moore's lawyer at the Taylor Street address.

Moore's testimony about what her lawyer told her on October 12th — the date she says she received, scanned, and emailed the letter to her lawyer — does not fill the gap. *Doc. 29 at 134.* Moore's words repeating what her lawyer said are inadmissible hearsay, not within any exception. Fed. R. Evid. 801–03. The Court sees no road for admitting this testimony at trial. The Court therefore cannot consider it on summary judgment. Fed. R. Civ. P. 56(c)(2).

Was Moore's lawsuit timely? No. The ninety-day clock started ticking on September 29th. Day one was September 30th. That was the day after Moore's lawyer received the Notice. The Rule applies to this statutory period because the governing statute of limitation, 42 U.S.C. § 2000e-16(c), doesn't say whether to count the day of receipt. Fed. R. Civ. P. 6(a)(1)(A). Day ninety was December 28th. Moore commenced this lawsuit by filing on December 29th. It was one day late.

Moore does not argue equitable tolling. *Compare McDonald*, 109 F.4th at 1071–72. The calendar can be unforgiving, which it is in this case. Moore's discrimination complaint was untimely.

*

In the alternative, and in the event the Court has stumbled on the limitation issue, the Court addresses the merits. The Postal Service is also entitled to judgment as a matter of law on the substance of Moore's disability discrimination claims.

Moore hasn't made a *prima facie* case of disability discrimination because she wasn't a qualified individual. *Mobley v. St. Luke's Health System, Inc.*, 53 F.4th 452, 456 (8th Cir. 2022). Even with accommodations after her surgery, she couldn't do the job of a mail processing clerk because of the physical requirements. *Doc. 27-1 at 19.* She was no longer qualified for her original position. She needed a job that allowed her to sit. *Ibid.*

Moore argues that the Postal Service could have accommodated her by putting her in the same position she worked in after she hurt her knee and before her surgery. At that time, she was working a "Modified Assignment (Limited Duty)." *Doc. 27-1 at 8.* Her limited duty assignment was pursuant to the Federal Employees Compensation Act, not the Postal Service's Reasonable Accommodation Policy. *Doc. 27-1 at 2–3 & 6–7.* She worked in an area

–6–

of the mailroom where she didn't have to stand, walk around, and lift heavy boxes. *Doc. 29 at 47–50.* But this was not a permanent position available pursuant to the Reasonable Accommodation Policy. *Doc. 27-1 at 2–4, 6–7 & 9.*

The Postal Service wasn't required to eliminate essential functions of Moore's original position to keep her at work. No employer must provide the specific accommodation requested or preferred by an employee, create a new position, turn a temporary position into a permanent one, or eliminate essential job functions to accommodate a disabled employee. *Scruggs v. Pulaski County*, 817 F.3d 1087, 1093 (8th Cir. 2016); *Rehrs v. Iams Co.*, 486 F.3d 353, 358 (8th Cir. 2007).

Even if Moore had made a *prima facie* case, she hasn't offered sufficient evidence to create a jury issue on two key points: that the Postal Service failed to engage in the interactive process in good faith; and, but for its lack of good faith, that Moore could have been reasonably accommodated. *Mobley*, 53 F.4th at 457. Because she couldn't be accommodated in her original job, the next step in the process was to search for a vacant position at her same or lower paygrade within fifty miles. *Doc. 27-1 at 4–5 & 14.* The reasonable accommodation committee agreed to extend the search area further, to seventy-five miles. *Doc. 27-1 at 17.* Moore presses that she wasn't provided the list of potential vacant positions. But out of the positions for which Moore was qualified, she couldn't be transferred to any of

them without violating the seniority provisions of the Postal Service's collective bargaining agreements. *Doc. 27-1 at 4 & 17–18.* The Postal Service tried to find her an alternative job, but couldn't. All material things considered, no reasonable juror could find in Moore's favor on her failure-to-accommodate claim.

*

The Postal Service's motion for summary judgment, *Doc. 25,* is granted. Its motion *in limine, Doc. 33,* is denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_12 May 2026_